IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY TANIGUCHI,

      Plaintiff,                      No. CIV S-03-2306 KJM

      vs.

THE PRUDENTIAL INSURANCE CO.,

      Defendant.                  ORDER

_____/

        This matter is set for closing arguments on January 20, 2009. Upon review of the record transcript and the proposed findings of fact and conclusions of law, it appears that further briefing is warranted. Accordingly, IT IS HEREBY ORDERED that no later than January 14, 2009, the parties shall submit letter briefs on the following issues:

        1. Plaintiff was advised by letter dated June 29, 2001 that plaintiff's disability benefits would terminate on August 1, 2001. Record Transcript ("RT") 160-162. Plaintiff appealed that decision on July 31, 2001. RT 310-314. Plaintiff filed for bankruptcy on October 12, 2001. RT 177; see also In re: Taniguchi, 01-31945 (U.S. Bankruptcy Court, E.D. Cal), docket no. 1. Plaintiff's appeal of the decision to terminate benefits was denied December 11, 2001. RT 163-165. Plaintiff thereafter consulted a lawyer and further appealed the denial of benefits. RT 142. Plaintiff was discharged from bankruptcy on January 24, 2002. RT 177; see

1

also In re: Taniguchi, 01-31945 (U.S. Bankruptcy Court, E.D. Cal), docket no. 9. Plaintiff did not list his claim against Prudential on the schedule of assets in his bankruptcy proceedings and at no time sought to amend the schedule. See In re: Taniguchi, 01-31945 (U.S. Bankruptcy Court, E.D. Cal), docket no. 1, Schedule B(20)--Personal Property (other contingent and unliquidated claims of every nature, including tax refunds, counter claims of the debtor, and the rights to setoff claims). In light of the record before the court, the parties shall brief the issue of whether plaintiff is barred by the doctrine of judicial estoppel from pursuing his present claim against defendant. See generally Hamilton v. State Farm Fire & Casualty Company, 270 F.3d 778, 784-85 (9th Cir. 2001).

      2. Plaintiff has requested damages in the amount of $218,674.00 based on the lapse of 90 months since the termination of benefits, at a monthly rate of $2,362.86.[1] See Plaintiff's Proposed Findings of Fact, nos. 102, 103. Plaintiff relies on an adjusted benefit amount identified in a letter dated August 14, 2000. RT 370. However, the record indicates defendant Prudential claimed an amount for overpayment in the amount of $21,003.89 was due because of plaintiff's receipt of social security disability benefits. RT 62, 65, 178. Plaintiff's lawyer contended in a letter dated April 4, 2002 that the overpayment was discharged in bankruptcy. AT 177. However, the overpayment amount was not listed in plaintiff's bankruptcy filings. See In re: Taniguchi, 01-31945 (U.S. Bankruptcy Court, E.D. Cal), docket no. 1, Schedule F (creditors holding unsecured nonpriority claims). It appears that the monthly benefit amount relied on by plaintiff does not account for the reduction required by plaintiff's receipt of social security disability benefits. Moreover, it appears that Prudential calculated an updated

/////
/////

---

[1] Using the court's calculator, $2,362.86 x 90 = $212,657.40. The discrepancy between this figure and the one advanced by plaintiff is unexplained in plaintiff's proposed findings of fact.

1  monthly benefit to be in the amount of $3,384.49, excluding the reduction due to social security.
2  RT 51.  The parties shall therefore brief the proper measure of damages and whether defendants
3  are entitled to any setoff.
4  DATED:  January 6, 2009.

_____
U.S. MAGISTRATE JUDGE

006
taniguchi.fb