IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY TANIGUCHI,

    Plaintiff,  No. CIV S-03-2306 KJM

    vs.

THE PRUDENTIAL INSURANCE CO.,

    Defendant.  FINDINGS OF FACT AND
  CONCLUSIONS OF LAW

_____/

    This matter came on for closing arguments upon the administrative record on January 20, 2009. Michael Babitzke appeared for plaintiff; Dennis Rhodes appeared for defendant. Upon review of the record, the pleadings and file in this action, and upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

    The parties were directed to brief the issue of whether plaintiff's action is barred by the doctrine of judicial estoppel because of his failure to list the present claim in his bankruptcy petition. The history pertinent to this question is as follows:

    Plaintiff was advised by letter dated June 29, 2001 that plaintiff's disability benefits would terminate on August 1, 2001. Record Transcript ("RT") 160-162. Plaintiff appealed that decision on July 31, 2001. RT 310-314. Plaintiff filed for bankruptcy on October

1

12, 2001.  RT 177; see also In re: Taniguchi, 01-31945 (U.S. Bankruptcy Court, E.D. Cal) (Pl.'s Bankruptcy Action) (docket no. 1).  Plaintiff's appeal of the decision to terminate benefits was denied December 11, 2001.  RT 163-165.  Plaintiff thereafter consulted a lawyer and further appealed the denial of benefits.  RT 142.  Plaintiff was discharged from bankruptcy on January 24, 2002.  RT 177; see Pl.'s Bankruptcy Action (docket no. 9).  Plaintiff did not list his claim against Prudential on the schedule of assets in his bankruptcy proceedings and at no time sought to amend the schedule.  Id. (docket no. 1, Schedules B(20)--Personal Property (other contingent and unliquidated claims of every nature, including tax refunds, counter claims of the debtor, and the rights to setoff claims) & C (property claimed exempt--"interests in insurance policies")); id. (Statement of Financial Affairs (Item 4--requires debtor to list all administrative proceedings to which he was a party within one year immediately preceding the filing of the bankruptcy case)). The claim plaintiff pursues in this action was properly an asset of the bankruptcy estate. Although plaintiff contends he could have claimed an exemption for his disability benefits, his failure to make such a claim in the bankruptcy proceedings precluded the trustee from objecting to such an exemption and having a determination made as to whether this asset was in fact exempt.  See generally Taylor v. Freeland & Kronz, 503 U.S. 638 (1992); see also 11 U.S.C. § 522 (claims of exemption in bankruptcy proceedings); Bankruptcy Rule 4003(b) (as general rule, trustees and creditors must file objections within thirty days after meeting of creditors).

Plaintiff contends defendant was fully aware of the bankruptcy proceedings. However, defendant was not advised of the bankruptcy proceedings until after plaintiff had been discharged and then was only advised about the bankruptcy proceedings by plaintiff's lawyer in response to a claim by defendant for $21,003.89 in overpayments due to plaintiff's receipt of social security benefits.  RT 177 (plaintiff's lawyer's letter dated April 4, 2002 claiming overpayment discharged in bankruptcy).  The overpayment amount, however, was not listed in plaintiff's bankruptcy filings.  Pl.'s Bankruptcy Action (docket no. 1, Schedule F (creditors
/////

holding unsecured nonpriority claims)). Defendant relied on this misrepresentation and chose to forgo recovering the amount of overpayment. RT 63.

The record demonstrates plaintiff has taken inconsistent positions in the bankruptcy proceedings and in this action, and attempted to use his bankruptcy proceedings to avoid paying back the $21,003.89 overpayment. The court thus finds plaintiff is barred by the doctrine of judicial estoppel from pursuing his present claim against defendant. See generally Hamilton v. State Farm Fire & Casualty Company, 270 F.3d 778, 784-85 (9th Cir. 2001).

Even if plaintiff is not judicially estopped, he cannot prevail on the merits of his claim. The court has reviewed the proposed findings of fact and conclusions of law submitted by defendant (docket no. 85) and finds they accurately represent the record and the applicable law. In particular, the court notes plaintiff has worked successfully for many years while having medical ailments of diabetes, peripheral neuropathy, some arthritic changes, and a cardiac condition. Plaintiff's treating cardiologist, Dr. Kaku, specifically stated plaintiff was not disabled due to any cardiac condition. RT 159. The basic question presented by this case is whether plaintiff's sleep apnea is controlled with the C-pap machine and whether he is prone to sleep attacks due to narcolepsy. The record demonstrates plaintiff's sleep apnea is well controlled with a C-pap machine; while plaintiff had a positive test for narcolepsy, the narcoleptic symptoms improved with use of the C-pap machine. RT 212, 443, 448. Significantly, plaintiff has not reported the typical symptoms associated with narcolepsy, namely suddenly and uncontrollably falling asleep doing routine normal daily activities. RT 263, 391. The court finds the independent file review by Dr. Martin, conducted on September 22, 2002, fairly assesses plaintiff's various medical conditions. RT 127-137. Even if he were not estopped, plaintiff has failed to establish disability under the terms of the policy.

Finally, even if plaintiff were to prevail on the merits, he would be entitled to zero damages. The issue presented to the court is whether plaintiff is entitled to disability benefits under the "own occupation" clause of defendant's policy. After a $1,512 reduction in the

1  monthly benefit to account for plaintiff's receipt of social security disability benefits, plaintiff
2  would at most be entitled to approximately 10 months of a net monthly benefit of $1,872.49, for
3  a total amount of $18,974.57.  RT 51 (monthly benefit is in the amount of $3,384.49, excluding
4  the reduction due to social security).  In its answer, defendant properly pled offset as an
5  affirmative defense.  <u>See</u> Answer (docket no. 6) ¶ 20.  Plaintiff conceded at oral argument that
6  defendant is entitled to collect its prior overpayment of $21,003.89.  Because this amount
7  exceeds the amount of damages to which plaintiff would be entitled if he prevailed on the merits,
8  he would receive nothing in damages.

    Accordingly, IT IS HEREBY ORDERED that judgment shall be entered for
defendant.

DATED: April 3, 2009.

_____
U.S. MAGISTRATE JUDGE

006
taniguchi.ffcl

4